WHITE (WORTENDYKE v.). See Case No. 18,050.

WHITE, The CAROLINE A. See Case No. 2,421.

WHITE, The MARIA. See Case No. 9,083.

---

## Case No. 17,562.

### In re WHITEHEAD.

[2 N. B. R. 599 (Quarto, 180); 1 Chi. Leg. News, 326.] [1]

District Court, S. D. Georgia. April 9, 1869.

BANKRUPTCY PROCEEDINGS — COSTS — HOMESTEAD EXEMPTION—PURCHASE-MONEY MORTGAGE.

1. The bankrupt is not entitled to the exemption of a homestead out of land mortgaged by him at the time of its purchase, to secure the payment of the purchase-money, until the said mortgage is satisfied.

[Cited in Re Brown, Case No. 1,980.]

2. The costs and expenses of the bankruptcy proceedings are entitled to priority of payment out of the funds in court derived from the sale of the property.

The report of the register was as follows:

I, Frank S. Hesseltine, register of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause, the following questions arose pertinent to said proceedings, and were stated and agreed to by R. K. Hines, Esq., who appeared for G. B. Lamar, creditor, and Wright & Warren, who appeared for the bankrupt. On the 16th day of November, 1858, John B. Whitehead, the bankrupt, pur-

[1] [Reprinted from 2 N. B. R. 599 (Quarto, 180), by permission. 1 Chi. Leg. News, 326, contains only a partial report.]

chased from one W. W. Cheever, a tract of land in the state of Georgia, receiving a deed to the land and giving his notes secured by mortgage on the said land for the purchase-money. On the 28th of November, 1858, Cheever transfers said notes and mortgage to G. B. Lamar, who has proven his claim in this court. The tract of land constitutes the bankrupt's entire estate, and under paragraph 2013 of the Code of Georgia, and section fourteen of the bankrupt act [of 1867 (14 Stat. 522)], he claims for himself and two children sixty acres of said land, including the dwelling-house thereon as a homestead, or in lieu thereof five hundred and twenty dollars in money, to be derived from the sale of said land. He further claims that the costs of the proceedings in bankruptcy shall be paid out of his said estate, which claims are opposed by the said G. B. Lamar, creditor.

As to the first question submitted, is the bankrupt entitled to the exemption of a homestead out of land mortgaged by him at the time of the purchase to secure the payment of the purchase-money? it is my opinion that he is not. I am well satisfied, from a careful examination of the law as laid down in the Code of Georgia, that it does not give to the head of a family a homestead out of land thus encumbered. That lien is a valid lien, authorized by statute; and the law does not anywhere provide for its displacement in favor of the creator of the lien, for the purpose of providing him with a homestead. It is true that, on the delivery to him of the deed, the title to the land is in the purchaser, and that "a mortgage in this state is only a security for a debt and passes no title." Irwin's Code, § 1914. Yet the supreme court of this state, in Scott v. Warren, 21 Ga. 408, decided that a judgment of older date than a mortgage could not first be satisfied out of land, where the mortgage was taken as security for the purchase-money at the time of its sale. The conveyance and mortgage were regarded as the several parts of one agreement—the sale as only a conditional one, the condition being expressed in the mortgage passed to the vendor at the time of this delivery of the deed.

The courts, by many decisions that I need not cite, seem to regard the title to real estate not paid for, and obtained by giving back to the grantor, at the time of his deed, a mortgage deed to secure the faithful payment of the purchase-money, as at the best but a conditional title, good and complete when the terms and conditions of the sale shall be complied with by the payment of the purchase-money.

The Code, under the section on "Property Exempt from Sale," paragraph 2013, says: "The following property of every debtor who is the head of a family shall be exempt from levy and sale; * * * nor shall any valid lien be created thereon, &c." From

this, and from what is contained in all this section touching exemption, I determine that the debtor who seeks to have a homestead set apart for himself and family must first have a full and complete ownership and title to the property; it must be entirely his property, unsaddled with any encumbrance, lien, or condition affecting his title thereto. To use the phrase I have given above to express such titles as the bankrupt's, it must not be a conditional title. And further, that after he has had set off to him a homestead out of his property, he cannot of himself create any valid lien thereon. The Code does not deny the head of a family the right to create a lien on property not exempted in accordance with the provisions of the homestead act. He is free to do what he will with his own, convey or mortgage it; and I hold that if he mortgages back land to secure the payment of the purchase-money, it is a good and valid lien, such as the law will uphold and protect for the vendor against the mortgagor or any other person. By the new constitution of the state of Georgia, it is specially provided that the homestead shall not be exempt from levy or execution for the purchase-money of the same.

As to the second question: Are the costs of the proceedings in bankruptcy to be paid out of the proceeds derived from the sale of his estate? The costs of the court in the proceedings under which the estate of the bankrupt has been administered upon, and the expenses attendant upon that administration, have priority or preference in the order for a dividend under section twenty-eight of the bankrupt act. The costs still remaining unpaid in this suit under which this property has been sold, and the proceeds to be distributed, should be paid out of the fund in court.

Respectfully submitted to your honor for your decision thereon.

Frank S. Hesseltine, Register.

ERSKINE, District Judge. The conclusion at which Mr. Register Hesseltine arrived in the matter of John B. Whitehead, certified to the judge of this court, is correct, and his decision is therefore affirmed, and the clerk will so certify to Mr. Hesseltine.